IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RUSSELL RICHARD FINCHER, )<br>)<br>Defendant. ) | Case No. 23-CR-197-RAW |

### **DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Russell Richard Fincher by and through his counsel, Brian J. Deer, Assistant Federal Public Defender, requests this Court accept the plea agreement in this case and sentence Mr. Fincher to three (3) years of probation.

### **Procedural Background**

Mr. Fincher was indicted on November 15, 2023, on three (3) counts alleging he (1) Engaged in the Business of Dealing Firearms without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) & 924(a)(1)(D), a felony, (2) Sold Ammunition to a Prohibited Person, in violation of 18 U.S.C. §§ 922(d)(1) & 924(a)(8), a felony, and (3) Made False Entry in Records by Federal Firearms Dealer, in violation of 18 U.S.C. §§ 922(m) & 924(a)(3)(B), a misdemeanor. Dkt. 36 at ¶1. Before his initial appearance on these charges, the morning of November 15, 2023, Mr. Fincher voluntarily turned himself into the United States' Marshall's Service. *Id.* at ¶3. Given Mr. Fincher's behavior and the facts of the case, Judge D. Edward Snow granted Mr. Fincher pre-trial release on conditions. *Id.* at ¶4.

Subsequently, Mr. Fincher remained on release without incident, and, pursuant to a plea agreement with the Government, on May 17, 2024, he plead guilty to Count 2 of the

Indictment. Dkt. 36 at ¶5. Upon Mr. Fincher's unopposed motion, the Court modified his conditions of pretrial-release and allowed him to deer hunt with a bow and arrow with his children. Dkt. at 39 & 40.

On October 21, 2024, per the plea agreement, the Government filed a motion for One Point Reduction to Mr. Fincher's United States Sentencing Guideline (USSG) calculation. Dkt. 42. Therefore, Mr. Fincher's sentencing guideline calculation was based on a total offense level of 13 with a criminal history category of I because Russell has no previous criminal history. Dkt. 36 at ¶ 65. The USSG recommended sentence is 12-18 months within Zone C, which would recommend Mr. Fincher serve, at least part of, his sentence outside of imprisonment. *Id.*

The plea agreement also contemplates the Government dismissing Counts 1 and 3. Dkt. 36 at ¶5. The agreement further required Mr. Fincher to forfeit thirty-nine (39) firearms, while it allowed for thirteen (13) firearms to be sold by Iron Roads Arms and Ammunition on Mr. Fincher's behalf. *Id* at ¶12 & 13. Lastly, the plea agreement contemplates three (3) years of probation is a just and appropriate sentence for Russell. Dkt. 36 at ¶67. He remains on pre-trial release and has done so without incident. His sentencing before this Court is scheduled for November 19, 2024. Dkt. 41.

**Personal Background**

Russell was raised in Oklahoma for most of his youth and has lived here his adult life. Dkt. 36 at ¶51. He was born to Larry and Joan Fincher in Granite City, IL in 1971. *Id.* at ¶47. His father is a retired Oklahoma highway patrolman residing in Dewey, OK. *Id.* His mother is a retired schoolteacher who currently suffers from dementia and lives in assisted living in

Coweta, OK. *Id.* Russell maintains a good relationship with both. *Id.* at ¶50. Russell was raised with three siblings: Timothy (58), Steve (57), and Michelle (56). *Id.* at ¶47. Russell is close to his siblings, and they remain supportive of one another. *Id.* at ¶50.

After a childhood that involved moving between his divorced parents' houses, Russell graduated from McClintock high school in Tempe, Arizona. *Id.* at ¶59. In 1996, he married Krista Fincher (50) nee Harris. *Id.* at ¶51. They remain happily married. *Id.* He and Krista have always had a strong relationship and even adopted a brother and sister as toddlers. *Id.* Their children, Lily and Parker Fincher, are now ages 15 and 14, respectively. *Id.*

To help support himself and his family, Russell first achieved a bachelor's degree in Pastoral Studies from Oklahoma Baptist University in 2002, and then earned a master's degree in biblical studies from Liberty University in 2009. *Id.* at ¶58. After obtaining a teaching certificate, he has worked as a pastor and high-school History teacher in the Talihina area. *Id.* at 51, 60-61.

However, because of his anticipated time on probation, Russell lost his job as a teacher for Talihina Public Schools. *Id.* at 60. Russell's school district has told him that after he completes probation, he will once again be eligible for employment as a teacher in the state of Oklahoma. Previously, Russell also owned and operated an ammunition store in Talihina. Now, because of his status as a felon, he is unable to own or operate that business and the family has lost an additional source of income.

To support himself and his family while on probation, if the Court sees fit to accept the plea agreement, Russell is looking for additional employment but intends to continue employment as a minister and to return to teaching once his probationary period is complete.

The Fincher family is strong and will continue to adjust, but they are hopeful of doing so with Russell present in the home. Russell is a hard-working person and he wants the Court to know he is a friend to many in the community and will not reoffend. Moreover, society does not benefit from incarcerating him. Russell is a productive member of society who is a benefit to his family and society.

Russell has no criminal history. *Id.* at ¶43. He is sober and does not struggle with substance abuse. *Id.* at ¶57. But he does have health concerns. In 1994, Russell was electrocuted while in a jacuzzi and developed seizures thereafter. *Id.* at ¶55. Across the subsequent years, other health concerns have also developed. *Id.* at ¶¶54 & 55. Russell had to have his teeth replaced with implants. *Id.* He suffers from blood clots, high blood pressure, high cholesterol, stomach ulcer, allergies and his right hip joint is "bone on bone." *Id.* Furthermore, since his interview with Probation for his presentence report in August, Russell had an attack of Bell's palsy on the left-side of his face.

**Argument**

Sentencing Mr. Fincher to three (3) years of probation is sufficient punishment for his conduct, deters others and protects the public. The "overarching instruction" of § 3553 is for the sentencing court to "impose a sentence sufficient, but not greater than necessary," to accomplish the sentencing goals set forth in § 3553(a)(2): just punishment, deterrence, protection of the public, and rehabilitation. *v. United States*, 552 U.S. 85, 89; *see also Dean v. United States*, 581 U.S. 62, 67 (2017) (same). District courts should exercise wide discretion and consider the fullest information possible concerning the defendant's life and characteristics. *Pepper v. United States*, 562 U.S. 476, 480 (2011). Furthermore, the average length of imprisonment for similarly

4

situated defendants is 10 months. Dkt. 36 at ¶66. Mr. Fincher asks the Court to sentence him to three (3) years of probation as it is not greater than necessary to achieve justice and promote respect for the law.

As evidenced by the plea agreement and the reasons stated herein, Russell and the Government agree that he does not require imprisonment to satisfy the ends of justice in this case. The Government and Mr. Fincher find it appropriate to request that the Court sentence Russell to three (3) years of probation.

If the Court accepts the plea agreement, Mr. Fincher also makes two following requests. First, he requests the Court *order* he be allowed to continue to hunt deer with a bow and arrow while on probation. Second, to accelerate his return to teaching, he requests the Court *urder* all three-hundred and sixty six (366) days he has been on pre-trial release since November 20, 2023, count toward the completion of his sentence of probation. Dkt. 11. The Government has informed Mr. Fincher it will defer to the Court on this second request.

## Conclusion

WHEREFORE, Mr. Fincher respectfully requests this Court accept the plea agreement in this case and sentence him to three (3) years of probation along with the two requested conditions listed above. Doing so promotes respect for the law, serves as adequate deterrence to Mr. Fincher and others, and, taking into consideration Mr. Fincher's history and character, along with the nature of his conduct, such a sentence is no more punitive than necessary to serve the ends of justice.

Respectfully submitted this 5th day of November 2024.

OFFICE OF THE FEDERAL PUBLIC DEFENDER
Scott A. Graham, Federal Public Defender

By:    s/ *Brian J. Deer*
Brian J. Deer, OBA #34390
Assistant Federal Public Defender
112 N. 7th Street
Muskogee, OK 74401
Telephone: (918) 709-7656
E-mail: brian_deer@fd.org
*Counsel for Mr. Fincher*

## CERTIFICATE OF SERVICE

I certify that on the 5th day of November 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Joshua Satter, Assistant United States Attorney

s/ *Brian J. Deer*
Brian J. Deer
Assistant Federal Public Defender